J-S40024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RITA ELIZABETH PULTRO | : | |
| | : | |
| Appellant | : | No. 223 EDA 2022 |

Appeal from the PCRA Order Entered December 28, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0007119-2013

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 27, 2023**

Appellant, Rita Elizabeth Pultro, appeals *pro se* from the December 28, 2021 order dismissing her petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-46. Upon review, we affirm.

This Court summarized the underlying facts on direct appeal:

> Appellant's conviction arises from the killing of Jason McClay at a Rite Aid store in the City of Chester, where McClay was a manager. The Commonwealth alleged the following. In August and September 2013, Tariq Mahmud was employed as loss prevention agent at the Rite Aid store. Mahmud, Ashaniere White, and Christopher Parks planned to rob the Rite Aid store. Mahmud told White and Parks about how much money was kept in the store's safe, who was working, and about blind spots in the store's video surveillance system. Mahmud warned them not to try to rob the store when McClay was working, because he was a former marine who would fight back.
>
> On August 19, 2013, White and Parks robbed the Rite Aid store when McClay was not on duty. On August 26 and September 4, 2013, White and Parks again attempted to rob the store, but employees recognized White.

Mahmud, White, and Parks thereafter sought the assistance of new people to rob the store, and brought David Wiggins into their plans. Wiggins wanted another individual, Appellant, to participate as well. The group planned a robbery for September 18, 2013, but postponed it until September 19, 2013.

On September 19, 2013, McClay worked the day shift at the Rite Aid store and stayed for the evening shift due to the unavailability of another manager, Serita Cottman. Mahmud called out from work that day. At approximately 9:45 p.m., an employee saw a white female, later identified as Appellant, and a black male, later identified as Wiggins, enter the store. Appellant retrieved a light bulb and took it to the counter. When the employee told her the amount due, Appellant complained that it was too expensive, placed the item back on the shelf, and asked to see the manager. McClay went back to the aisle, and he and Appellant began discussing lightbulbs. Wiggins then grabbed McClay and told McClay to take him to the safe. Wiggins and McClay began wrestling until Appellant shot McClay at close range at the base of his neck and killed him. Appellant and Wiggins fled from the store and left the scene in a vehicle driven by Parks.

*Commonwealth v. Pultro*, No. 1593 EDA 2015, 2017 WL 6199839, unpublished memorandum at *1 (Pa. Super. Ct. Dec. 8, 2017).

On February 11, 2015, at the conclusion of a lengthy trial, a jury found Appellant guilty of first-degree murder, robbery, conspiracy, and carrying a firearm without a license.[1] On May 1, 2015, the trial court sentenced Appellant to life in prison without the possibility of parole. This Court affirmed on December 8, 2017. The Pennsylvania Supreme Court denied allowance of appeal on July 24, 2018, and the United States Supreme Court denied certiorari on May 13, 2019. Appellant filed a timely *pro se* PCRA petition on March 31, 2020. On November 5, 2021, appointed counsel filed a no merit

---

[1] 18 Pa.C.S.A. §§ 2502(a), 3701(a)(1)(i), 903, and 6106(a), respectively.

letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On November 8, 2021, the PCRA court entered an order granting counsel's petition to withdraw and notifying Appellant of the court's intent to dismiss the petition without a hearing.[2] Appellant filed a *pro se* response on November 30, 2021. On December 28, 2021, the PCRA court entered the order before us. Appellant filed a timely *pro se* notice of appeal On January 22, 2022.

> Appellant presents six assertions of error:
>
> A. Did the [PCRA] court err in not granting relief for ineffective assistance of counsel?
>
> B. Did the trial court abuse its discretion in denying change of venue when pretrial publicity prevented a fair and unbiased jury?
>
> C. Did the trial court err in denying severance which prejudiced Appellant resulting in a guilty verdict?
>
> D. Did the prosecutorial misconduct prejudice Appellant's due process rights leading to her convictions?
>
> E. Did the trial court err in denying Appellant's motion to suppress evidence, and granting a search warrant with an affidavit of probable cause that lacked substantial evidence?
>
> F. Did [the] trial court's abuse of discretion and judge's public bias violate Appellant's constitutional rights?

Appellant's *Pro Se* Brief at 4.

---

[2] *See* Pa.R.Crim.P. 907.

Appellant first argues the PCRA court erred in dismissing her claims of ineffective assistance of trial counsel.

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015).

Counsel is presumed effective. To overcome this presumption, the petitioner must plead and prove that (1) the underlying issue is of arguable merit; (2) counsel had no reasonable strategic basis in support of the disputed action or inaction, and (3) that counsel's errors prejudiced the petitioner. *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013). Failure to prove any of these three prongs is fatal to the claim. *Reyes-Rodriguez*, 111 A.3d at 780. Likewise, an appealing petitioner must address all three prongs in the appellate brief, or this Court will reject the claim. *Id.* Furthermore, pursuant to § 9543(a)(3), a petitioner must show that the collateral claims have not been previously litigated or waived. *Id.* "At the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)." *Id.*

Appellant argues that trial counsel was ineffective in three respects. First, she claims trial counsel failed to object to the admission into evidence

of redacted statements from co-defendant David Wiggins, who did not testify at trial. She relies on **Bruton v. United States**, 391 U.S. 123 (1968). The record reveals that Appellant litigated this claim on direct appeal, where she argued that the trial court should have severed her trial from that of Wiggins "because [Appellant] suffered a **Bruton** violation based on the admission of Wiggins' confession. She asserts that the trial evidence made clear that she was the individual referred to in Wiggins' statement detailing the September 21, 2013 robbery, despite the redactions to that statement." **Pultro**, 2017 WL 6199839, at *6. This Court found no merit to Appellant's assertion that she suffered a **Bruton** violation. **Id.** at *6-*8. Because Appellant previously litigated her **Bruton** claim, she cannot raise it under the PCRA.

Next, Appellant argues that trial counsel was ineffective for failing to impeach her codefendants who pled guilty in exchange for a reduced sentence. Appellant has not supported this argument with citations to the record. Pa.R.A.P. 2119(c). The failure to support an argument with record citations results in waiver.[3] **Commonwealth v. Fransen**, 42 A.3d 1100, 1106 n.11 (Pa. Super. 2012).

---

[3] In any event, the record reflects that the defense attorneys for the codefendants on trial did cross examine the pleading codefendants about the nature of their agreements with the Commonwealth. Appellant has not attempted to explain where or in what respects the cross examinations were deficient.

Finally, Appellant claims counsel was ineffective for failing to challenge the sufficiency of the evidence. Again, Appellant's argument, which spans only a few sentences, does not include pertinent citations to the record. Further, Appellant failed to include this issue in her Pa.R.A.P. 1925(b) statement ordered by the PCRA court. For both reasons, Appellant has waived this argument. Pa.R.A.P. 1925(b)(4)(vii); *Fransen*, 42 A.3d at 1106 n.11.

In the remainder of her assertions of error, Appellant does not assert ineffective assistance of counsel. Rather, Appellant rehashes various arguments she raised before the trial court. Each of Appellant's remaining arguments is either waived or previously litigated and therefore not eligible for collateral relief.

Appellant's Issue B, addressing the trial court's denial of her motion for a change of venue, was litigated before the trial court, and the trial court rejected it. Trial Court Opinion, 5/18/16, at 19-21. Appellant did not pursue this issue on direct appeal, resulting in waiver for purposes of collateral review. 42 Pa.C.S.A. § 9543(a)(3); *Reyes-Rodriguez*, 111 A.3d at 780.

Issue C, regarding the trial court's denial of Appellant's severance motions, has been previously litigated because it was addressed on the merits by this court on direct appeal. *Pultro*, 2017 WL 6199839, at *5-*8; 42 Pa.C.S.A. § 9543(a)(3); *Reyes-Rodriguez*, 111 A.3d at 780.

Issue D, regarding prosecutorial misconduct, is waived because it was never raised at trial or on direct appeal. Appellant does not argue that counsel

was ineffective for failing to raise this issue, nor does she otherwise specify how it is cognizable under the PCRA.

Issue E, regarding Appellant's argument that the trial court erred in denying her pretrial motion to suppress evidence, was litigated before the trial court and addressed on the merits by this Court on direct appeal. ***Pultro***, 2017 WL 6199839, at *3-*5. Therefore, it is not eligible for collateral relief because it has been previously litigated. 42 Pa.C.S.A. § 9543(a)(3); ***Reyes-Rodriguez***, 111 A.3d at 780.

Finally, Issue F, regarding the trial court's alleged bias against Appellant, was never raised before the trial court or on direct appeal. Appellant does not argue that trial counsel was ineffective for failing to take appropriate action to address this issue, nor does she explain how it is otherwise cognizable under the PCRA.

In summary, each of Appellant's arguments is either lacking in merit, previously litigated, waived, or not cognizable under the PCRA. We therefore affirm the PCRA court's order.

Order affirmed.

President Judge Panella joins the memorandum.

Judge King concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/27/2023*